THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DAVID OPPELT, JR., <br><br>                    Petitioner, <br><br>       v. <br><br> PAT GLEBE, <br><br>                    Respondent. | CASE NO. C12-223 JCC <br><br> ORDER |

This matter comes before the Court on the petition for writ of habeas corpus of petitioner David Oppelt, Jr (Dkt. No.1), the report and recommendation of the Magistrate Judge (Dkt. No. 15), and Petitioner's objections. (Dkt. No. 16.)  Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby DENIES the petition for the reasons explained herein.

I.      BACKGROUND

In early 2001, Oppelt was investigated for child molestation when 8-year-old A.R. complained to her grandmother, Bertha, of genital soreness and said Oppelt had digitally penetrated her on two occasions. Bertha gave A.R. lotion to apply to her genital area. Bertha informed A.R.'s mother of the allegations, and the mother took A.R. to the emergency room. An ER nurse examined A.R. and observed redness and swelling of the genital area but saw no signs of trauma. The detective assigned to the case finished and filed his investigation report on

ORDER
PAGE - 1

August 2, 2001.

Nothing happened in the case until 2007, when a prosecutor tracked down the detective's report. In November 2007, Oppelt was charged with child molestation. The charges were amended to add a count of child rape in early 2008.

By this time, Bertha had developed a medical condition that affected her memory. She was unable to remember precisely what lotion she had given to A.R., but said that she believed the lotion was "Vagisil."

The State conceded that its delay in filing charges was due to negligence. The trial court concluded that the delay had prejudiced Oppelt because Bertha's memory deterioration precluded him from arguing that A.R.'s redness and swelling was a reaction to a particular kind of lotion Bertha had given her. The judge concluded that Oppelt's prejudice was not severe enough to justify dismissing the charges against him, and the case proceeded to trial. Oppelt was convicted of child molestation and found not guilty of child rape.

In April 2010, the Washington State Court of Appeals affirmed his conviction, holding that the State's interest in prosecuting Oppelt outweighed the minimal prejudice he suffered. Oppelt then appealed to the Washington Supreme Court, alleging that the preaccusatorial delay violated his right to due process under the Fourteenth Amendment. In August 2011, the Washington Supreme Court affirmed his conviction. *See State v. Oppelt*, 257 P.3d 653 (2011).

Oppelt proceeds pro se in his petition for a writ of habeas corpus under 28 U.S.C. § 2254. The State agrees that Oppelt has exhausted his state remedies as required under § 2254, but argues that his petition is without merit. (*See* Resp'ts Resp. to Obj'n 2 (Dkt. No. 17).) The Magistrate determined that the Washington Supreme Court's decision was consistent with federal law and recommended that Oppelt's petition be dismissed with prejudice. (Magistrate's R&R 8–9 (Dkt. No. 15).) Oppelt objects to the Magistrates report on the grounds that the Magistrate and the Washington Supreme Court applied an incorrect legal standard in affirming his conviction. (Pet'rs Obj'n to R&R 2 (Dkt. No. 16).) He also argues that the delay infringed his

Sixth Amendment right to a speedy trial. (*Id.* at 5.)

## II. DISCUSSION

### A. Standard of Review

A district court reviews de novo the parts of a Magistrate's report to which any party objects. 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72. Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a habeas corpus petition can only be granted if a state-court adjudication on the merits:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). Federal law is "clearly established" under § 2254(d) only if it is based on a United States Supreme Court holding that governed at the time of the relevant state-court decision. *Williams v. Taylor*, 529 U.S. 362, 412 (2000). It is not enough that a federal court be convinced that a state-court decision is clearly erroneous. Instead, a federal court must find that the application of federal law was objectively unreasonable. *Lockyer v. Andrade*, 538 U.S. 63, 75–76 (2003).

### B. Preaccusatorial Delay

Preaccusatorial delay is analyzed under the Fifth Amendment's guarantee of due process. *United States v. Lovasco*, 431 U.S. 783, 788-90 (1977). In a case involving preaccusatorial delay, a court's due process inquiry evaluates "the reasons for the delay as well as the prejudice to the accused." *Id.*, 431 U.S. at 790. The *Lovasco* court held that a prosecutor's bad faith delay in bringing charges may violate due process, but the United States Supreme Court has not addressed how to determine whether due process rights were violated if the delay is due to recklessness or negligence. *See Hoo v. United States*, 484 U.S. 1035 (1988) (White, J., dissenting, discussing the circuit split on this issue). The Ninth Circuit has held that negligent delay can violate due process: "If mere negligent conduct by the prosecutors is asserted, then

obviously the delay and/or prejudice suffered by the defendant will have to be greater than that in case where reckless or intentional governmental conduct is alleged." *United States v. Moran*, 759 F.2d 777, 782 (9th Cir. 1985).

The Washington Supreme Court explained the evolution of this doctrine in its opinion upholding Oppelt's conviction. It noted that an early formulation of the due-process test for preaccusatorial delay appeared in *State v. Calderon*:

> [T]he Calderon court established a 3-prong test for determining when preaccusatorial delay violates due process. (1) The defendant must show he was prejudiced by the delay; (2) the court must consider the reasons for the delay; and (3) if the State is able to justify the delay, the court must undertake a further balancing of the State's interest and the prejudice to the accused.

*State v. Alvin*, 109 Wn.2d 602, 604-05 (Wash. 1987). This test was later revised in State v. Salavea:

> First, the defendant must show the charging delay caused prejudice. If the defendant shows prejudice, the court then examines the State's reasons for the delay. Finally, the court balances the delay against the defendant's prejudice to decide if the delay violates the "fundamental conceptions of justice."

86 P.3d 125, 127 (Wash. 2004). The Washington Supreme Court then applied the *Alvea* test to Oppelt's case. It determined that Mr. Oppelt's prejudice from not being able to determine the precise brand of lotion was slight. It further determined that the state's reason for delay was mere negligence. On balance, the court determined that fundamental conceptions of justice would not be defeated by overlooking negligence that produced "very slight prejudice." *State v. Oppelt*, 257 P.3d 653, 660 (Wash. 2011).

Mr. Oppelt believes that the *Calderon* test is more favorable to his cause because it appears to require a "justification" from the state in the third prong. He argues that negligence is not a justification for delay, and that therefore, the state cannot offer anything that would outweigh the prejudice he suffered, however minor. But the Washington Supreme Court is under no obligation to apply the *Calderon* test and explicitly chose to apply the *Alvea* test instead. This could only be problematic if this test were contrary to, or an unreasonable application of

Supreme Court precedent such as *Lovasco*. But all *Lovasco* requires is that a court consider the "reasons for the delay as well as the prejudice to the accused." *Id.*, 431 U.S. at 790. The *Alvea* test does.

### C. Sixth Amendment Right to Speedy Trial

Oppelt also argues that the delay was a violation of his constitutional right to a speedy trial. The Sixth Amendment, as incorporated and applied to the states by the Fourteenth Amendment, provides that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial. U.S. Const. amend. XI. The right to a speedy trial does not apply before a defendant is arrested or accused, because a "literal reading of the Speedy Trial Clause suggests that this right attaches only when a formal criminal charge is instituted and a criminal prosecution begins." *United States v. MacDonald*, 456 U.S. 1, 6 (1982); *United States v. Marion*, 404 U.S. 307, 313 (1971). Oppelt does not allege any delay in the time between filing of criminal charges and his trial. His speedy-trial rights are not implicated.

## III. CONCLUSION

The Court adopts the Report and Recommendation. (Dkt. No. 15). The habeas petition is DENIED and this case is DISMISSED with prejudice. In accordance with Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, a certificate of appealability is GRANTED with respect to the ground asserted by petitioner in his habeas petition.

DATED this 10th day of August 2012.

John C. Coughenour
UNITED STATES DISTRICT JUDGE